**Burch & Cracchiolo, P.A.**
1850 N. Central Avenue, Suite 1700
Phoenix, Arizona 85004
Telephone (602) 274-7611

Theodore A. Julian, Jr., SBA #012765
tjulian@bcattorneys.com
R.J. Bucky Slomski, SBA #032939
bslomski@bcattorneys.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cecelia M. Martinez, individually,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>(Federal Tort Claims Act) |

Plaintiff, by and through counsel undersigned, for her Complaint against defendant, hereby alleges as follows:

## I.   INTRODUCTION

1. Plaintiff is seeking damages under the Federal Tort Claims Act related to injuries she sustained while being transported for medical care by a driver in the course and scope of his employment with Gila River Healthcare on September 9, 2019.

## II.   JURISDICTION AND VENUE

2. This action arises under 28 U.S.C. §§ 2671, *et seq.* ("The Federal Tort Claims Act") and jurisdiction arises under 28 U.S.C. § 346(b) and/or 28 U.S.C. § 1346(b). Venue is proper within the United States District Court of Arizona pursuant to 28 U.S.C. § 1402(b) because all acts or omissions occurred within the district of Arizona.

3. Plaintiff was injured as a result of the negligence of employees or agents of Gila River Health Care (GRHC), which provides health care services under a Section 638 "Self Determination Contract," based on the Indian Self-Determination and Education Assistance Act enacted by Public Law 93-638 and 25 U.S.C. § 450f(a).

4. Pursuant 25 U.S.C. § 450f, tribal employees or contractors are deemed to be federal employees, and any civil action "shall be deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act." 25 U.S.C. § 450f(c)(1).

5. A Notice of Claim was timely filed and served pursuant to 28 U.S.C. § 2401(h) and received by the appropriate federal agency on August 31, 2021. This Complaint is authorized under federal law because the agency has failed to deny the claim in writing or dispose of the claim within six months after it was filed.

### III.   THE PARTIES

6. Plaintiff is a registered member of the Gila River Indian Community and is an elder from District Seven, Maricopa Colony - Pee Posh in Laveen, Arizona. She is a diabetic and is largely confined to a wheelchair, so she is dependent on the services of Gila River Medical Transportation to take her to her regularly scheduled dialysis appointments at the Komatke Health Center located on the Gila River Indian Community reservation.

7. Gila River Health Care (GRHC) is a healthcare system serving Native Americans from federally-recognized tribal communities, including operating healthcare facilities and providing medical transportation services through Gila River Medical Transportation. These entities, employees, agents and contractors are deemed to be Federal Employees under the Indian Self-Determination and Education Assistance Act enacted by Public Law 93-638 and 25 U.S.C. § 450f(a).

## IV.   FACTUAL ALLEGATIONS

8. On the morning of September 9, 2019, plaintiff was picked up at her house to be transported to the Komatke Dialysis Center for her regular dialysis treatment. The Gila River Transportation driver, lowered the wheelchair ramp and assisted plaintiff into the van in her wheelchair and they proceed on their route to pick up other patients in need of transportation. They arrived at the Komatke Health—Dialysis West Campus at 4:57 a.m., and the driver began assisting patients out of the van.

9. Plaintiff was the last person left in the van and the GRHC driver used the hydraulic lift to lower the plaintiff in her wheelchair to transport her from the van and into the facility. As the driver started to lower the ramp, it suddenly collapsed and fell straight to the ground. The ramp hit the ground so hard that it caused plaintiff's wheelchair to flip over backward causing injuries and damages.

10. Plaintiff was told by the driver, and other persons within the GRHC transportation department, that there had been prior problems with the lift system, which were known to the department, and that there had been other reported incidents of patients being injured while being transported by Gila River Healthcare.

11. Any violation of Federal or State law, including the Americans with Disabilities Act, the Arizona Revised Statutes and applicable regulations, and the Gila River Indian Community Code and Ordinances, which are intended for the safety of the public, constitutes negligence *per se*.

12. As a direct and proximate result of the carelessness, negligence, and misconduct of the agents or employees of the defendant, plaintiff has incurred general and special damages in amounts to be proven at trial, including medical expenses and general damages for pain and suffering.

WHEREFORE, Plaintiff prays for judgment against Defendant, the United States of America, as follows:

A.  For Plaintiff's special damages, including, but not limited to, expenses incurred for past and future medical care and treatment;

B.  For Plaintiff's general damages;

C.  For Plaintiff's costs incurred herein; and

D.  For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 4th day of March 2022.

**BURCH & CRACCHIOLO, P.A.**

By *s/ Theodore A. Julian, Jr.*
Theodore A. Julian, Jr.
R. J. Bucky Slomski
1850 N. Central Ave, Suite 1700
Phoenix, AZ 85004
*Attorneys for Plaintiff*